## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| RAMSEY ASSET MANAGEMENT, LLC ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STANDARD INSURANCE ) <br> COMPANY ) <br>     Defendant. ) | C.A. No.: 1:23-cv-00453-CFC |

## DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant Standard Insurance Company ("Standard"), by and through it undersigned counsel, moves (the "Motion") pursuant to 28 U.S.C. §1404(a) to transfer this matter to the United States District Court for the Eastern District of Virginia. In support of its Motion respectfully states as follows:

### INTRODUCTION

This matter is a repeat of an earlier lawsuit that Ramsey Asset Management, LLC's ("RAM") principal, William Ramsey, filed against Standard to recover the same insurance benefits RAM now seeks. *Compare* Complaint filed in this matter (D.I. 1-1, also attached hereto as **Exhibit A**) *with* Complaint filed in *Ramsey v. Standard Ins. Co.*, C.A. No. 1:23-cv-00147-AJT-LRV ("First Lawsuit" attached

hereto as **Exhibit B**)[1]. This Court transferred the First Lawsuit to the Eastern District of Virginia for the multiple reasons set forth in the Court's Order-Memorandum dated February 2, 2023. ("Transfer Order" attached hereto as **Exhibit C**). While Standard's motion to dismiss the First Lawsuit for various reasons was pending, Mr. Ramsey voluntarily dismissed the case. *See Stipulation of Dismissal With Prejudice*, attached hereto as **Exhibit D**).

RAM filed this action in Delaware Superior Court on March 13, 2023. Standard timely removed the matter to this Court. For the same reasons that compelled this Court to transfer the First Lawsuit, this matter should also be transferred to the Eastern District of Virginia.

## ARGUMENT

Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…."

In determining whether to transfer a case, the Court considers multiple public and private factors. Private factors include: 1) the plaintiff's choice of venue; 2) the defendant's preferred venue; (3) "where the claim arose; (4) the relative physical and financial conditions of the parties; (5) convenience of the witnesses – but only

---

[1] Prior to the transfer to the EDVa., the First Lawsuit before this Court was styled *Ramsey v. Standard Ins. Co.*, C.A. No. 1:22-cv-01555-MAK

to the extent the witnesses may actually be unavailable for trial; and (6) the location of books and records (similarly limited to the extent the files could not be produced in the alternative forum)." Transfer Order, p.3 (citing *Jumara v. State Farm Ins. Co.* 55 F.3d 873, 883 (3d Cir. 1995)).  "The public factors include:  (1) enforceability of the judgment; (2) practical considerations to make trial easy, expeditious, or inexpensive; (3) court congestion; (4) local interest in deciding controversies at home; (5) public policies of the for a; and (6) familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

RAM's preferred forum is Delaware.  Although RAM is a Delaware limited liability company, it is an "inactive" entity "located in Virginia." Complaint, ¶3; *see also*, *Plaintiff's Brief to Remain in District Court of Delaware Under 28 U.S.C. § 1404(a)* attached hereto as **Exhibit E**, at p.3.   Moreover, the "Chief Executive Officer, Chief Investment Officer and principal owner of [RAM] is" Mr. Ramsey. *Complaint,* ¶4.  The only other "owner" of RAM is Mr. Ramsey's wife. *See* Exhibit E, p.4.  Mr. Ramsey and his wife are citizens of Virginia, not Delaware.  Transfer Order*,* p.5.  Therefore, RAM's preference to litigate in Delaware should be given little weight.

Standard's preferred forum is Virginia, which was the location of RAM's business and the home state of Mr. and Mrs. Ramsey.  RAM's claims arose from policies issued to a Virginia-based company (RAM), insuring against certain losses

due to disability of Mr. Ramsey, a Virginia resident.  These factors strongly favor transfer to Virginia.  Transfer Order, p.4.

"The relative physical and financial conditions of the parties also favors transfer.  Mr. Ramsey is a citizen of the Eastern District of Virginia and both his year-round home and beach vacation home are almost two hours from" the Delaware federal court.  *Id.*  Although Standard is capable of litigating in Delaware, it chooses to litigate in Mr. Ramsey's home district.  "The medical professionals who treated Mr. Ramsey will likely be called as witnesses are in Maryland" and, given Mr. Ramsey's residency in Virginia, it is fair to "infer he travels to physicians closer to Northern Virginia than Wilmington."  *Id.*

Private factors favor transfer of this case to the Eastern District of Virginia, where the dockets are "much less congested than the District of Delaware."  *Id.*  By transferring the matter to Virginia, it is likely that the parties will be able to resolve their dispute "much earlier and much closer to [Mr. Ramsey's] home."  *Id.* at p.5.

Virginia has an interest in regulating and enforcing contracts issued in Virginia to Virginia-based businesses, "so both the local interest and public policy factors favor transfer.  Although [RAM] is alleged to have been incorporated in Delaware, it is formerly located in Virginia [and] owned by two Virginia citizens (Mr. and Mrs. Ramsey)…."  *Id.*

Although federal court judges "are competent to interpret insurance policies in multiple states," *id.,* RAM has also asserted a claim for bad faith. Because RAM's bad faith claim is governed by Virginia law, the Virginia courts will have more familiarity with the nuances of applicable bad faith law.

Here, as in the First Lawsuit, "the overwhelming weight of considerations" mandate transfer of this matter to the Eastern District of Virginia. *Id.* There is no nexus to this District other than that Virginia-based RAM, which is now "inactive" (Complaint, ¶3), was organized under Delaware law and "Mr. Ramsey spends time at his beach house almost two hours away from [this] Courthouse." Transfer Order, at p.5. "All other considerations favor … transfer to Mr. Ramsey's home venue to allow [RAM's] dispute to be resolved in possibly half the time they would if the case remained here hours away from" Mr. Ramsey's homes. *Id.*

WHEREFORE, Standard Insurance Company respectfully requests that this matter be transferred to the United States District Court for the Eastern District of Virginia.

DATED:  April 27, 2023

**COOCH AND TAYLOR P.A.**

*/s/ R. Grant Dick IV*
James W. Semple (# 396)
R. Grant Dick IV (#5123)
The Nemours Building
1007 N. Orange St., Suite 1120
Wilmington, DE 19801
(302) 984-3800
gdick@coochtaylor.com

*Attorneys for Defendant Standard Insurance Company*

**OF COUNSEL:**

**PIERCE ATWOOD LLP**
Brooks R. Magratten
Michael J. Daly
One Citizens Plaza
10th Floor
Providence, RI 02903
(401) 490-3424
mdaly@PierceAtwood.com

00653730                                6